IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00779-GPG

TONYA HENDERSON,

    Plaintiff,

v.

SRG. TIMMERMAN, and
NURSE LESHIA CONNER,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Tonya Henderson, is a prisoner in the custody of the Colorado Department of Corrections. Plaintiff initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983. The Court must construe the Prisoner Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Plaintiff will be ordered to file an amended complaint.

In the Complaint, Plaintiff complains about "tort negligence" and asserts that after doctors changed the dosage of her medications, she experienced dizziness, which led her to fall backwards and hit her head on the concrete floor on February 13, 2016. She further alleges that after the fall, Defendant Timmerman forced her to crawl back to her cell, resulting in bruises and abrasions to her elbows and knees. She contends that Defendant Conner "should have requested a wheelchair and stayed with [her] to assess

ability to ambulate." Finally, she asserts that this experience caused her "personal humiliation and mental anguish." She seeks money damages and injunctive relief.

First, the Complaint is deficient because Plaintiff does not allege enough facts to show an arguable violation of her Eighth Amendment rights. The Eighth Amendment is violated when a prison medical provider acts with deliberate indifference to an inmate's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976). Deliberate indifference means that "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). A disagreement about medical care or medical negligence does not violate the Eighth Amendment. *See Estelle*, 429 U.S. at 107.

To state an Eighth Amendment violation in the context of medical treatment, an inmate must demonstrate two elements: (1) she was suffering from a "serious medical need," and (2) prison officials were deliberately indifferent to the serious medical need. *See id.* at 104. The first showing requires the court objectively to determine whether the medical need was "sufficiently serious." "[I]t is the harm claimed by the prisoner that must be sufficiently serious to satisfy the objective component, and not solely 'the symptoms presented at the time the prison employee has contact with the prisoner.'" *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009) (quoting *Mata v. Saiz*, 427 F.3d 745, 753 (10th Cir. 2005)). "A medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) (internal quotation marks

omitted).

The second prong requires the court subjectively to determine whether the officials acted with a sufficiently culpable state of mind. Noting that this subjective standard lies "somewhere between the poles of negligence at one end and purpose or knowledge at the other," *id.* at 836, the Supreme Court clarified the appropriate standard as follows.

> We hold instead that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. This approach comports best with the text of the Amendment as our cases have interpreted it. The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concerns when it imposes tort liability on a purely objective basis. But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Id.* at 837–38 (internal citations omitted).

Even assuming Plaintiff had a serious medical need, Plaintiff's allegations fall far short of establishing deliberate indifference — *i.e.*, that any Defendant acted with a sufficiently culpable state of mind. To establish the subjective component, a plaintiff must show that jail officials "knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. Specifically, a jail official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the

inference." *Id.* at 837. "The question is: 'were the symptoms such that a prison employee knew the risk to the prisoner and chose (recklessly) to disregard it?'" *Martinez*, 563 F.3d at 1089 (quoting *Mata*, 427 F.3d at 753).

While an intentional refusal to provide any medical treatment to an inmate suffering from a serious medical need manifests deliberate indifference and is actionable under the Eighth Amendment, the Constitution does not require that a prisoner receive every medical treatment that he requests or that is available elsewhere. A disagreement as to the appropriate choice of medical treatment does not give rise to a constitutional violation because "[t]he right to be free from cruel and unusual punishment does not include the right to the treatment of one's choice." *Layne v. Vinzant*, 657 F.2d 468, 473 (1st Cir. 1981). In sum, there is no allegation that suggests any Defendant knew Plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it.

Accordingly, it is

ORDERED that **within thirty days from the date of this order**, Plaintiff shall file an amended complaint that complies with this order. It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of her case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, to be used in filing the amended complaint. It is

FURTHER ORDERED that if Plaintiff fails to file an amended complaint that complies with this order within the time allowed, this action will be dismissed without prejudice.

```
```
DATED April 5, 2016, at Denver, Colorado.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge